The STATE of Ohio

v.

HALL.

Wadsworth Municipal Court.

No. 94–CRB–32–1.

Decided May 9, 1994.

*Norman E. Brague,* for plaintiff.

*V. Lee Winchell,* for defendant.

---

JAMES L. KIMBLER, Judge.

Defendant Brandon M. Hall filed a motion to suppress pursuant to Crim.R. 12. Based upon the evidence, the court makes the following findings of fact.

On January 22, 1994, defendant rented a room at the Knights Inn Motel in Wadsworth. He was accompanied by his girlfriend. He intended to spend the evening with his girlfriend. They were joined by three of their friends, one woman and two men. Although defendant and one of his friends were under twenty-one, the other man and the two women were over twenty-one.

At the time defendant checked in, the Knights Inn had posted a notice to all guests. The notice stated that the Knights Inn reserved the right to terminate their occupancy if they bothered other guests. The notice was in the form of a sign in the motel's lobby near the registration desk. Defendant did not take any notice of this sign, nor was it called to his attention.

At approximately 9:00 p.m., a guest complained to Al Freyer that underage drinking was taking place in Room 410. This was the room rented by defendant and his friends. Freyer went to Room 410 and observed persons he believed to be underage going into the room with alcoholic beverages.

He then called the police. Two Wadsworth police officers responded to this call. They went with Freyer to Room 410 and stood by him while he knocked on the door. A friend of defendant answered the door. Freyer went in, told all of the occupants except for defendant to leave, and demanded that defendant return the key. The officers followed Freyer into the room and one of the officers told defendant not to leave.

While they were in the room, the officers observed what appeared to be marijuana in plastic bags in locations that were in plain view in the room. They also observed a jacket. They asked defendant if the jacket was his, he responded it was, and they searched it. Inside the jacket they found what appeared to be a pipe used for smoking and inhaling marijuana. Upon questioning, defendant admitted knowing that the pipe was in his jacket. All questioning of defendant in the motel room was done without defendant being given *Miranda* warnings.

The police arrested defendant for two violations of Wadsworth city ordinances: one for possessing marijuana in less than bulk amount, the other for possession of drug paraphernalia. Under Wadsworth city ordinances, both offenses are first degree misdemeanors. The police then took defendant to the police station.

At the police station, one of the officers read defendant his *Miranda* rights and took a statement from him. In that statement, he admitted knowing the pipe was in his jacket, but claimed the pipe was not his.

This case raises several issues. They are:

1. Was the warrantless entry into the motel room by the police officers lawful;

2. Did the questioning of defendant in the motel room amount to a custodial interrogation of defendant; and

3. Did defendant make a valid waiver of his right against self-incrimination?

For the reasons stated below, this court finds that the entry of the police officers into the motel room was an unconstitutional entry and, therefore, all evidence seized as a result of that search should be suppressed. As a result, it is not necessary for this court to decide the remaining issues.

■ A warrantless search of a motel room by police officers is presumptively unreasonable. *State v. Miller* (1991), 77 Ohio App.3d 305, 602 N.E.2d 296. While a motel employee may enter a rented motel room in the performance of his or her duties, such employee may not *per se* authorize or give consent to a police search of that room. *Miller, supra.* In a situation where the state argues that a motel employee gave consent to a search of a rented motel room, the state must show that the occupant or renter of the room authorized the employee to give consent, not just that the employee consented to a search of the room. *Stoner v. California* (1964), 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; *Miller, supra.*

■ A motel employee may give consent to a search of a motel room in a situation where the renter or occupant has either abandoned the room or has surrendered his or her tenancy. Obviously, such surrender occurs when a guest does not pay for another night's stay by check-out time. *Abel v. United States* (1960), 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; *United States v. Savage* (C.A.5, 1977), 564 F.2d 728.

■ In the present case, it is obvious that defendant never abandoned the room prior to the search by the police, nor had his tenancy expired pursuant to the original agreement between Knights Inn and himself. What happened was that an employee of Knights Inn terminated his tenancy and the police immediately searched the room he had rented. This court holds that where a motel employee has terminated a tenancy of a guest prior to check-out time, the police may not search such room without a warrant, absent exigent circumstances, until

such time as the tenant has been given a reasonable time in which to remove his or her belongings. Otherwise, police could have a motel employee terminate a tenancy and then immediately search the premises, thus nullifying the requirement to obtain a warrant.

This court further finds that there were no exigent circumstances that would justify a warrantless entry by the police. Exigent circumstances justifying a warrantless entry include hot pursuit of a fleeing felon, destruction of evidence, and ongoing fire. *Welsh v. Wisconsin* (1984), 466 U.S. 740, 750, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732, 743.

In this case, no such circumstances exist. At best, the city could argue that the police had reason to believe that the crime of underage possession of alcoholic beverages was taking place in the motel room. Such behavior would constitute a misdemeanor of the first degree. There are, however, two problems with such an argument.

The first one is that there were no observations by the police to confirm or corroborate the information given to them by the motel employee. There is no indication that the police had any reason to believe that the motel employee who told them of the underage possession or drinking was correct in his belief.

The second problem is that most courts that have considered this issue have held that a warrantless entry to arrest for a misdemeanor offense is not justified by the doctrine of exigent circumstances. *Welsh*, 466 U.S. at 752, 104 S.Ct. at 2098, 80 L.Ed.2d at 744.

Therefore, the court finds that the entry into the motel room was improper and that all evidence seized by the police as a result of the entry is suppressed.

*So ordered.*