OPINION
{¶ 1} Gary L. Fleming is appealing a judgment of the Clark County Court of Common Pleas, which found him guilty upon a no contest plea of possession of crack cocaine and possession of heroin. Specifically, Fleming appeals from the trial court's denial of his motion to suppress.
 {¶ 2} On July 28, 2002, City of Springfield Police Officer Paul Seibold was dispatched to the Comfort Inn hotel upon a report of possible drug activity. Officer Seibold, upon arriving at the hotel, explained to the general manager, David Trent, that he could not arrest the occupants because he had no probable cause of criminal activity. Instead, he agreed to accompany Trent to aid in the eviction of the parties.
 {¶ 3} Upon arriving at Room 407, officers stayed to the side of the door while Trent knocked and requested that the parties vacate the room. The door opened. An "unknown black male" held a brief conversation with the officers and walked away, leaving the door ajar behind him. Looking inside the room, Trent recognized Fleming and told him to vacate the premises. Instead of complying with Trent's request, Fleming walked to the middle of the room, sat on the couch, and stated that he had done nothing wrong. Trent stepped inside the room's hallway and was followed by the officers, who stood just inside the entryway. Trent again informed Fleming and the other two guests that they had to pack their belongings and vacate the premises immediately. No one moved. At that point, the officers entered the room to aid in the eviction, stating that the parties had to leave or they would be arrested for trespassing. Upon entering the room, Officer Seibold saw drug paraphernalia in the room, including a baggy of what appeared to be marijuana and a baggy of crack cocaine in the desk drawer which was slightly ajar.
 {¶ 4} Fleming and the other two guests were arrested and taken into custody, and the parties' belongings were gathered to aid Trent in vacating the room. As they were packing up the room, the officers discovered another baggy filled with crack cocaine, empty pill capsules, and a vial of heroin.
 {¶ 5} As a result, Fleming was charged with two counts of possession of crack cocaine and one count of possession of heroin. Fleming filed a motion to suppress the evidence on February 26, 2003, and a hearing was held. The trial court failed to file a written entry in the record overruling Fleming's motion to suppress and failed to verbally overrule the motion subsequent to the hearing. Accordingly, we find that the trial court overruled the motion to suppress. State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17 (when a trial court fails to rule on a motion, we presume that the trial court overruled the motion).
 {¶ 6} Fleming entered a no contest plea to one count of possession of crack cocaine and one count of possession of heroin. Fleming was sentenced to four years incarceration on the crack cocaine possession charge, and was sentenced to eleven months on the possession of heroin charge. Fleming now appeals the trial court's decision on the motion to suppress, asserting one assignment of error:
 {¶ 7} "The trial court abused it's {sic} discretion when it did not suppress the evidence seized as it was seized in violation of the protected rights of the defendant."
 {¶ 8} Fleming contends that, as an overnight hotel guest, he had a reasonable, constitutionally-protected expectation of privacy in his hotel room. Moreover, Fleming argues that the drugs and drug paraphernalia were illegally seized and thus should have been suppressed.
 {¶ 9} When considering a motion to suppress, the trial court assumes the role of the trier of facts and, as such, is in the best position to resolve conflicts in the evidence and determine the credibility of the witnesses and the weight to be given to their testimony. State v. Retherford (1994),93 Ohio App.3d 586, 592, 639 N.E.2d 498. The appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Id. Accepting those facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
 {¶ 10} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures. A defendant who challenges a search or seizure onFourth Amendment grounds must have a legitimate expectation of privacy in the area that is searched. In addition, the defendant has the burden of proving facts justifying the expectation.State v. Williams (1995), 73 Ohio St.3d 153, 166,652 N.E.2d 721. Because this expectation is particular to a specific defendant, it is subjective. A subjective expectation of privacy alone is insufficient; in order to have standing to challenge the legality of a search, a person must have an expectation of privacy that society is prepared to recognize as "reasonable."Minnesota v. Olson (1990), 495 U.S. 91, 95-96, 110 S.Ct. 1684,109 L.Ed.2d 85 (citation omitted); Williams, supra, at 166.
 {¶ 11} In this case, we note that there is no explicit ruling by the trial court on the motion to suppress, and thus we are provided with no insight into its reasoning for overruling the motion. We must, therefore, assume that the trial court chose to believe the testimony of the State's witnesses. The State produced evidence that Fleming was a paying hotel guest at the time of the search and seizure. Prior to the officers entering the hotel room on two separate occasions, Trent had asked Fleming and the other occupants of the room to vacate the premises. Trent first knocked on the door, announced who he was, and stated that here had been some complaints about their room. At that time he asked the occupants to vacate the room. Trent, who had been outside the hotel room when he made the first request, entered the hallway of the hotel room to reiterate the request to vacate when he received no cooperative response from the occupants. To the contrary, Fleming walked back into the center of the room, sat down on the couch, and told Trent that he did not understand the reasons for his request because they were not doing anything wrong. The officers, who had stepped just inside the entryway behind Trent when he moved into the room, waited fifteen to twenty seconds before entering the room. This occurred after Fleming and the occupants made no motion to vacate the room and made it known that they were not going to leave. At that time, Officer Seibold advised them that they needed to vacate the room or else they would be arrested for trespassing.
 {¶ 12} We believe that Trent's requests to leave served as an eviction of Fleming and the other occupants of the hotel room. At that point, Fleming did not have permission to be in the hotel room, and Fleming was not a rightful occupant of the room. Instead, his status was that of a trespasser, and he had no possessory interest in the hotel room, no property rights therein, and once the tenancy expired, was not even "legitimately on the premises." Accordingly, trespassers have no expectation of privacy protected by the Fourth Amendment. State v. Little,
Montgomery App. No. 19976, 2004-Ohio-1814.
 {¶ 13} In his argument, Fleming relies on State v. Hall
(1994), 66 Ohio Misc.2d 80, 643 N.E.2d 190, asserting that a guest retains a reasonable expectation of privacy despite being asked to leave the premises. In Hall, officers were called to a hotel upon a complaint of underage drinking. Officers proceeded to the hotel room with the hotel clerk. The clerk knocked on the door and he and the officers entered the room. The clerk told all of the occupants except for Hall to leave, and the officers immediately instructed Hall not to leave. In Hall, the Wadsworth Municipal Court found that the defendant had not been given any opportunity to remove his belongings from the room prior to the search by the police. Because the clerk terminated the tenancy immediately prior to the search of the room, exigent circumstances were necessary to justify a warrantless entry by the police. The municipal court found no exigent circumstances present, and thus the court found the search and seizure to be unreasonable.
 {¶ 14} We note that the Hall decision is from a municipal court outside this district, and thus we are not bound by its decision. In any event, we find the facts in this case to be distinguishable from those in Hall. In contrast to Hall,
Fleming was given several opportunities to comply with the eviction. This transformed his status to that of a "trespasser" and thus justified the warrantless search and subsequent seizure. Based upon this reasoning, Fleming had no subjective expectation of privacy and, accordingly, he lacks standing to challenge the legality of the search.
 {¶ 15} Fleming also asserts that the contraband found in the hotel room was illegally seized and thus should have been suppressed. Specifically, Fleming asserts that because the officers were not legally in the room, the plain view exception cannot be used. Assuming, for the sake of argument, that Fleming has standing to challenge the search of the hotel room, seeMinnesota v. Carter (1998), 525 U.S. 83, 91, 119 S.Ct. 469,142 L.Ed.2d 373 (where a defendant lacked standing, a court need not determine whether an officer's conduct constituted a search), we find no illegality in the seizure of the drugs at issue pursuant to the plain view doctrine.
 {¶ 16} The elements necessary to satisfy the plain view doctrine include: (1) that law enforcement officers were lawfully in a position to observe the items, and (2) the incriminating nature of the item must be immediately apparent. State v.Reaves (Nov. 3, 2000), Montgomery App. No. 18302, citing Statev. Waddy (1992), 63 Ohio St.3d 424, 442; 588 N.E.2d 819. The requirement that the item's incriminating nature must be immediately apparent should be examined under a probable cause standard. State v. Strothers (Dec. 22, 2000), Montgomery App. No. 18322, citing State v. Willoughby (1992),81 Ohio App.3d 562, 569, 611 N.E.2d 937. The Willoughby court described probable cause as a common sense standard for which "the police may utilize their special knowledge or experience to justify their belief that probable cause existed." Willoughby, supra, at 568, citing United States v. Cortez (1981), 449 U.S. 411,101 S.Ct. 690, 66 L.Ed.2d 621. {¶ 17} Fleming focuses his argument on his claim that Officer Seibold had to open the desk drawer to view the crack cocaine. He bases these "facts" on Trent's testimony that he could not remember "whether the drawer was open at all" and that he only remembered that the drawer had been open after the officers "reminded" him of such. We find this to be a mischaracterization of the testimony. Trent admitted to discussing the case with officers, however, he stated that the occurrence "sticks out very plainly in my memory, one of the major events that's happened in this hotel in nearly two years of operation." (Tr. 57.) Additionally, during the motion to suppress hearing, Officer Seibold testified that once he had walked inside the hotel room, the desk drawer had been open and that, based upon his experience, he had determined that the baggy sticking out of the drawer contained crack cocaine.
 {¶ 18} We find this to be a credibility issue. As stated above, we defer to the trial court's decision on credibility of a witness as long as it is supported by competent credible evidence. From the testimony, there is no indication that Trent's or Officer Seibold's testimonies were not competent or credible. Despite trial counsel's repeated attempts to discredit and/or impeach Trent on the issue of whether he had been "reminded" by Officer Seibold that the drawer had been open, Trent's testimony was consistent and apparently in the trial court's view believable. The trial court occupies the best position from which to view the credibility of the witnesses. See Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, we defer to the trial court' factual findings.
 {¶ 19} Finally, Fleming claims that the evidence discovered pursuant to the search incident to arrest was unlawful. We presume that Fleming is referring to the heroin and additional crack cocaine discovered after he was placed under arrest. If Fleming is arguing that the officers had no right to search the remainder of the hotel room after his arrest, we disagree that the search was unlawful. As we have already stated, Fleming had no reasonable expectation of privacy in the hotel room. Technically, he had already been evicted from the room and officers had a right, upon Trent's consent, to search the room. Fleming has no standing at this point to argue the constitutionality of the seizure of the additional evidence.
 {¶ 20} Accordingly, we find no merit in Fleming's assignment of error.
 {¶ 21} The judgment of the trial court is affirmed.
Brogan, J. and Grady, J., concur.