[Cite as *State v. Wright*, 2013-Ohio-4473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99531

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## GEORGE J. WRIGHT

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565966

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**     October 10, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Aleksandra Chojnacki
          Daniel T. Van
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio   44116

EILEEN A. GALLAGHER, J.:

{¶1} The state of Ohio appeals the decision of the trial court granting George Wright's motion to suppress. The state argues the trial court erred in concluding that Wright was a guest of the hotel at the time of the search and thus maintained a privacy interest in the hotel room for purposes of the Fourth Amendment. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} Shortly after midnight on August 13, 2012, Brook Park police officers received a call of a disturbance at the Airport Plaza Hotel located at 16161 Brookpark Road. When the officers arrived, they observed a naked man, later identified as hotel guest George Wright, sweating profusely and foaming at the mouth. Officer Michael Jaklitch testified that he witnessed Wright knock off an exit sign and a portion of the in-house sprinkler system while officer Edward Powers stated that Wright ripped wires down and wrapped them around his neck. Hotel personnel informed the officers that Wright had been pounding on hotel room doors and disturbing other hotel guests. Officer Jaklitch stated that it was difficult to speak with Wright "given his medical condition" and that Wright did admit to him that he had taken the drug PCP. A Brook Park rescue squad removed Wright from the premises and transported him to Southwest General Hospital where he was treated and ultimately arrested.

{¶3} Officer Jaklitch testified that after Wright was removed from the hotel, hotel staff asked the officers to check Wright's room for damages. Jerald Smith, an employee of the hotel, opened Wright's room and allowed Officer Jaklitch inside.

Officer Jaklitch did not have a warrant or Wright's permission to enter the room. Officer Jaklitch testified that Wright's room was in disarray with coffee stains on the walls, barbeque sauce on the nightstand, wall and bedding and money on the floor. Officer Jaklitch also testified that he found a bag of suspected crack cocaine and a vial of suspected PCP in an open drawer in the dresser.

{¶4} The Cuyahoga County Grand Jury returned a five-count indictment charging Wright with one count of trafficking, two counts of drug possession, one count of vandalism and one count of possession of criminal tools. Wright filed a motion to suppress all evidence obtained during the warrantless search of his hotel room and the trial court heard arguments and testimony on the motion. On February 4, 2013, the trial court granted Wright's motion to suppress finding as follows:

> [T]he search occurred prior to check-out, Defendant did not voluntarily abandon the hotel room, and the hotel staff did not make any affirmative steps to evict Defendant. Thus, Defendant did not relinquish his expectation of privacy in the hotel room for the duration of his reservation.

{¶5} The state appeals, raising the following assignment of error:

> The court erred in granting the defendant's motion to suppress evidence obtained during the search of the defendant's hotel room based on a finding that the defendant possessed a privacy interest in the hotel room at the time of the search.

{¶6} In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress.

> Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See *State v. Winand*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist. 1996),

citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist. 1994). * * * This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Hopfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2nd Dist.1996).

{¶7} However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. *See also State v. Lloyd*, 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998); *State v. Cruz*, 8th Dist. Cuyahoga No. 98264, 2013-Ohio-1889.

{¶8} In the present case, the parties agree that a registered hotel guest has a reasonable expectation of privacy in his room under the Fourth Amendment. The state argues that Wright's disorderly behavior terminated his status as a guest and thereby extinguished any legitimate privacy interest in the hotel room and that the hotel staff properly provided the officers with the consent to search the hotel room.

{¶9} This court has previously held that "a hotel employee may enter a room in performance of its duties, but they cannot per se authorize or give consent to a police search of that room." *State v. Miller*, 77 Ohio App.3d 305, 602 N.E.2d 296 (8th Dist.1991), citing *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). In *Miller*, this court stated that consent by hotel management is lawful when the hotel guest surrenders or no longer rents the room that includes, but is not limited to, relinquishment of the room at check-out time and returning the key without paying for another night or by voluntarily abandoning the room. *Miller*. A hotel guest may also

lose his reasonable expectation of privacy in a hotel room when he is evicted from the room. *United States v. Spicer*, S.D. Ohio No. 7-CR-244, 2012 U.S. Dist. LEXIS 54306 (Apr. 16, 2012). There have been a number of federal cases in which courts have held that a police search of a hotel room was unlawful despite the fact that the officers received consent to search the room from a hotel employee. *Stoner*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *United States v. Bass*, 41 Fed.Appx. 735, 737-738 (6th Cir.2002). In each of these cases, "the hotel employee did not take any action to divest the hotel guest of his or her privacy interest in the room." *Spicer*. Therefore, "termination of a hotel tenant's occupancy rights for unauthorized activity is proper and hotel management can terminate a guest's occupancy rights by taking affirmative steps to repossess the room." *Spicer*. Officers, however, cannot reasonably rely on a hotel employee's consent in entering the room without actual or implied knowledge that the guest had been evicted from the hotel room. *United States v. Bass*, 41 Fed. Appx. 735 (6th Cir.2002).

{¶10} In this case, the state cites to *State v. Allen*, 106 F.3d 695 (6th Cir.1997), and *State v. Fleming*, 2d Dist. Clark No. 2003 CA 71, 2004-Ohio-5278, for its proposition that hotel staff properly consented to a search of the hotel room after Wright's disruptive actions terminated his hotel stay thereby constructively evicting him from his hotel room. We agree with the trial court's conclusion that both *Allen* and *Fleming* are factually distinguishable. In *Allen*, the hotel manager attempted to take possession of the hotel room after observing contraband in the room by locking the hotel

guest out of his room. *Id.* The court in *Allen* found that the hotel manager's affirmative act divested Allen of his status as an occupant of the room while concurrently terminating his privacy interest in the hotel room and its contents. *Id*. Similarly, in *Fleming* after a report of possible drug activity, the hotel manager requested that Fleming and the other occupant of the room vacate the premises, and he used a police escort to aid in the eviction of the parties*. Id.* Unlike the present case, both *Allen* and *Fleming* involved hotel staff taking affirmative steps to repossess the room after hotel guests engaged in unauthorized activity, thereby terminating the guests' reasonable expectations of privacy.

{¶11} In the facts of the current case, we have no evidence of any affirmative acts by the hotel staff to divest Wright of his status as an occupant and guest of the hotel. The staff did not lock Wright out of his room nor did the hotel staff tell Wright that he was evicted from the hotel. Wright paid for his hotel registration and his destructive behavior occurred in the common areas of the hotel, not his room. Additionally, there is no evidence before this court that the hotel staff informed the police officers that they had evicted Wright from his hotel room.

{¶12} Without any affirmative act on the part of the hotel staff to divest Wright of his status as an occupant of the hotel room, Wright's privacy interest in his hotel room protected him against the warrantless search of his hotel room by the police officers. Further, without actual or implied knowledge that hotel staff had evicted Wright from the room, the police could not reasonably rely on the hotel staff's consent in entering

Wright's hotel room.

**{¶13}** We find the trial court's conclusions to be supported by competent, credible evidence and agree that Wright's motion to suppress should have been granted.

**{¶14}** The state's sole assignment of error is overruled.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR