OPINION
{¶ 1} The state of Ohio appeals the decision of the Butler County Area I Court granting defendant-appellee, Christopher Burton's, motion to suppress, related to charges of operating a vehicle while under the influence of alcohol ("OVI"). We reverse the decision of the trial court.
 {¶ 2} On August 18, 2005, shortly before 4 a.m., someone called 1-800-GRABDUI to report that a Nissan vehicle was driving "all over the road." The caller gave a description and the license plate of the car and the location where it was last seen, the parking lot of the McDonalds' restaurant on Locust Street in Oxford, Ohio. Officer Derrick Carlson of the Oxford Police Department went to the McDonalds' parking lot where he observed a Nissan Pathfinder pulling out of the drive-thru. The Nissan matched the description and license plate previously called in, and the officer followed the vehicle on Locust Street. The driver of the vehicle was Burton.
 {¶ 3} While following Burton, the officer observed the car's left tires drive directly on the double yellow line for two or three seconds before the car "went back into its own lane of travel." Specifically, the officer observed the car "crossing the right half [of the double yellow line] with the left tires touching the left line of the double yellow line." As the officer explained, while the left tires did not completely cross both lines of the double yellow line, they did go to the left line. The officer stopped Burton's car.
 {¶ 4} Upon investigation, the officer believed that Burton might be driving while impaired by alcohol. Burton failed three field sobriety tests. A breath test at the police station resulted in a .180 BAC reading. Burton was charged with OVI in violation of R.C. 4511.19(A)(1)(a) and (h), failure to drive within marked lanes in violation of R.C. 4511.33, and being an underage person knowingly under the influence of alcohol in a public place in violation of R.C. 4301.69(E)(1). Burton moved to suppress evidence on the ground, inter alia, that the officer did not have probable cause to stop him. After a suppression hearing, the trial court granted the motion, finding that the driving observed by the officer "did not constitute a violation of R.C.4511.33(A)(1) and there being no traffic violation[,] there was no probable cause to stop [Burton]." This appeal followed.
 {¶ 5} In a single assignment of error, the state argues that the trial court erred by granting Burton's motion to suppress.[1] The state contends that the officer had probable cause to believe Burton committed a traffic violation when Burton drove directly on the double yellow line with his left tires, thus justifying the stop.
 {¶ 6} When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. Statev. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691. See, also, State v. Frazee, Warren App. No. CA2004-07-085, 2005-Ohio-3513, ¶ 8.
 {¶ 7} "Where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment of the United States Constitution." Dayton v.Erickson, 76 Ohio St.3d 3, 1006-Ohio-431, syllabus. "[P]robable cause need [only] be found, not that, upon investigation, it be confirmed that a traffic offense occurred." State v. Moeller
(Oct. 23, 2000), Butler App. No. CA99-07-128, at 6. Probable cause has been defined as "facts and circumstances within [an officer's] knowledge * * * sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223. The focus, therefore, is not on whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but whether the arresting officer had probable cause to believe a traffic violation had occurred. State v. Pfeiffer,
Butler App. No. CA2003-12-329, 2004-Ohio-4981, ¶ 23.
 {¶ 8} In the case at bar, Burton was pulled over for violating R.C. 4511.33(A)(1) which states in relevant part: "Whenever any roadway has been divided into two * * * clearly marked lanes for traffic, * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic[.]" The officer observed Burton drive directly on the double yellow line with his left tires for two to three seconds before he went back into his lane of travel. Based upon the foregoing, we find that the officer witnessed what appeared to be a traffic violation and therefore had probable cause to stop Burton. See Pfeiffer.
 {¶ 9} The trial court, however, determined that the driving observed by the officer did not constitute a marked lane violation and granted Burton's motion to suppress. We find that the trial court erred by granting the motion to suppress. The question before the court was not whether Burton was guilty or innocent of the traffic offense, but whether the officer had probable cause to make the stop. By determining that Burton did not violate R.C. 4511.33(A)(1), the trial court essentially made an adjudication on the merits of the traffic offense when it should have only been determining whether there was probable cause for the stop. State v. Walters, Warren App. No. CA2004-04-043, 2005-Ohio-418, ¶ 8; Bowling Green v. Godwin,110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 16, 18. Pfeiffer at ¶ 25.
 {¶ 10} For the foregoing reasons, we sustain the state's assignment of error. The judgment of the trial court granting Burton's motion to suppress evidence is accordingly reversed and this matter is remanded to the trial court for further proceedings according to law and consistent with this opinion.
 {¶ 11} Judgment reversed and remanded.
Powell, P.J., and Walsh, J., concur.
[1] In his appellate brief, Burton argues that this court is without jurisdiction to hear the state's appeal because the appeal was untimely filed. The record shows that six days before filing his appellate brief, Burton moved to dismiss the state's appeal as being untimely filed. We need not address Burton's argument on appeal; by entry filed on May 9, 2006, we found that the state's appeal was timely filed and denied Burton's motion to dismiss.