OPINION
{¶ 1} Donte C. Lawson pled no contest to possession of crack cocaine, a felony of the fourth degree, after the Clark County Court of Common Pleas overruled his motion to suppress evidence. The court found him guilty and sentenced him to seventeen months of incarceration. Lawson appeals, raising one assignment of error.
 {¶ 2} "THE TRIAL COURT ERRED WHEN IT OVERRULED MR. LAWSON'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY OFFICER IVORY BY MEANS OF AN ILLEGAL SEARCH AND SEIZURE."
 {¶ 3} Springfield police officer Joe Ivory provided the sole testimony during the hearing on Lawson's motion to suppress, which revealed the following facts.
 {¶ 4} On June 9, 2004, Ivory and his partner were dispatched to the area of South Center and East Grand Avenue on a "shots fired" call. The dispatcher notified the officers that the victim, who had called the police, had run into a vacant house on East Grand. When the officers arrived at the scene, Ivory exited the car and went into the house. There, Ivory met Lawson, who was sweating profusely and was out of breath as though he had been running. Lawson was wearing jean shorts and no shirt.
 {¶ 5} At this point, Ivory asked Lawson if he could pat him down for officer safety due to the fact that there was reportedly a gun involved in the situation. As Ivory conducted the pat-down, he felt a hard substance in the left back pocket of Lawson's shorts. Ivory could tell the item was in a plastic bag. Ivory testified that he thought the object "was some type of drug." He later testified that he had believed that the drug was crack cocaine. Ivory asked Lawson what the item was, but Lawson did not answer. Ivory then removed the object, revealing a white rock-like substance in a plastic bag. Laboratory testing later revealed that the substance was 2.56 grams of crack cocaine. Ivory asked Lawson why he would call the police and have drugs on him. Lawson responded by asking Ivory if he "could get rid of it." Ivory told Lawson that he should have gotten rid of the drugs before the police were involved. Ivory then placed Lawson under arrest for drug possession.
 {¶ 6} On June 14, 2004, Lawson was indicted for possession of crack cocaine. Lawson moved to suppress the evidence, arguing that the officer merely had a suspicion that the item in his pocket might have been contraband. At the end of the hearing on the motion, the trial court orally overruled the motion, reasoning that the officer was justified in conducting a pat-down for safety reasons and that "upon feeling what appeared by his experience to be contraband in the Defendant's pocket, he had the authority under present case law to proceed to determine if, in fact, that was crack cocaine * * *." On February 8, 2005, the court filed an entry overruling the motion to suppress.
 {¶ 7} In reviewing the trial court's ruling on a motion to suppress evidence, this court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. See State v. Morgan, Montgomery App. No. 18985, 2002-Ohio-268. However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." Id.
 {¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures. A warrantless search and seizure by law enforcement personnel of an article or place in which an individual has a reasonable expectation of privacy is per se unreasonable, unless it falls within a recognized exception to the warrant requirement. Minnesota v. Olson (1990), 495 U.S. 91,110 S.Ct. 1684, 109 L.Ed.2d 85; State v. Miller (1991),77 Ohio App.3d 305, 602 N.E.2d 296.
 {¶ 9} As acknowledged by the parties, the United States Supreme Court recognized the plain feel exception to the warrant requirement in Minnesota v. Dickerson (1993), 508 U.S. 366,113 S.Ct. 2130, 124 L.Ed.2d 334. The Dickerson court reiterated that a police officer may conduct a pat-down for weapons when the officer "is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." Id. at 373, quoting Terry v. Ohio (1968), 392 U.S. 1, 24, 88 S.Ct. 1868,20 L.Ed.2d 889. The Court further stated that "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." Id. at 375-76.
 {¶ 10} Lawson argues that the circumstances in this case are analogous to those in State v. Williams, Montgomery App. No. 20255, 2004-Ohio-4695, in which we concluded that the seizure of crack cocaine from the defendant's pocket was improper. InWilliams, the police officer observed the defendant engaging in suspected drug trafficking. When the officer approached, he told the defendant that he was "going to conduct a pat down search of his outer clothing to check for any type of contraband." He also had testified that he looked for weapons because drugs and weapons normally go together. The officer performed the pat-down with his open palm, and he felt a hard, bumpy object about the size of a quarter in a front pocket of the defendant's jeans shorts. The officer had stated that it was apparent to him that the object was crack cocaine and he retrieved it from the pocket. On cross-examination, the officer had further testified that he could not feel a baggy through the pants, and that, after feeling the object with his open palm, he touched the object with his fingertips to try to determine what it was. Reviewing the trial court's denial of the defendant's motion to suppress, we concluded that the officer's testimony, "taken as a whole, fail[ed] to demonstrate that degree of clarity with respect to the incriminating nature of the object he seized, when he first felt it and before he manipulated it with his fingertips to determine what it was, which the `plain feel' exception requires." Id. at ¶ 70.
 {¶ 11} Upon review of the record before us, we find that the present circumstances are distinguishable from Williams and provide sufficient basis for the seizure of the crack cocaine under the plain feel doctrine. Here, the officer was responding to a call regarding gunfire, and he was alone with Lawson in the vacant house. Although Lawson was the victim of the "shots fired" call, the officer was justified in conducting a pat-down for weapons in order to ensure his safety. Ivory conducted the pat-down with his open palm. During the pat-down, Ivory felt a rock-like substance about the size of a quarter. In addition, Ivory testified that he could feel the plastic baggy through the pants during his pat-down.
 {¶ 12} Lawson argues that Ivory "squeezed and/or manipulated the item" in his pocket. He notes that Ivory described the plastic baggy as "squishy" and asserts that squishy "is a tactile representation and [an] unattainable sense if Officer Ivory actually only performed a flat-palm pat-down." Unlike inWilliams, there is no evidence that Ivory manipulated the object in Lawson's pocket or took any other actions to further identify the object prior to removing it. Although Ivory used "squishy" to describe the baggy, he further stated: "I don't know how to explain; but I can definitely feel if there's a bag in there and with the hard substance like I felt, * * * through my training and experience, I believed it to be drugs at that point."
 {¶ 13} Taken as a whole, Ivory's testimony indicated that he had probable cause to believe that the object in Lawson's pocket was contraband. Thus, pursuant to the plain feel doctrine, Ivory was justified in removing the object from Lawson's pocket. Accordingly, the trial court did not err in denying Lawson's motion to suppress.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.