OPINION
{¶ 1} Defendant-appellant, Dana H. Davis, appeals a decision of the Preble County Court of Common Pleas convicting him on drug-related charges after overruling his motion to suppress evidence. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On August 21, 2005, Deputy Matthew Lunsford of the Preble County Sheriff's Department was patrolling Interstate 70 when he observed appellant's gray Camry. The speed limit on that portion of the interstate was 65 m.p.h. As appellant passed Deputy *Page 2 
Lunsford's cruiser, he slowed to approximately 55 m.p.h. and stared at the officer. Deputy Lunsford began following the vehicle. As he followed, the officer observed appellant's vehicle commit three separate lane violations within three miles. Two of these involved appellant's vehicle crossing the marked lane lines by at least six inches, and one involved crossing the berm while exiting the highway. Once appellant left the highway, Deputy Lunsford activated his lights. Appellant did not pull over immediately, but instead proceeded to a gas station. Deputy Lunsford pulled in behind appellant and initiated the traffic stop.
 {¶ 3} During the course of the stop, Deputy Lunsford observed a vial that he believed contained methamphetamine residue inside appellant's vehicle on the passenger seat. Appellant denied ownership of the vial or knowing what it was. Deputy Lunsford asked appellant if he had any weapons and conducted a pat-down. Appellant volunteered to empty his pockets and removed a baggie containing what Deputy Lunsford suspected was methamphetamine. Appellant also admitted that a "lump" in his rear pants pocket was a second baggie of methamphetamine. When appellant told Deputy Lunsford that the "guts" of a meth lab was inside the car, the officer searched the vehicle and found scales, baggies, a dryer unit, and a few other items. He cited appellant for driving under the influence and placed him under arrest.
 {¶ 4} Appellant was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(d), a second-degree felony; one count of aggravated possession of drugs in violation of R.C.2925.11(A)(C)(1)(c), a second-degree felony; and one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony. Appellant filed a motion to suppress the evidence seized by Deputy Lunsford, which was denied by the trial court. Appellant subsequently pled no contest to the charges, was found guilty, and sentenced accordingly. Appellant timely appeals, raising three assignments of error. *Page 3 
 {¶ 5} When reviewing a trial court's decision on a motion to suppress, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. McNamara (1997),124 Ohio App.3d 706, 710. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard.State v. Anderson (1995), 100 Ohio App.3d 688, 691. We are mindful of these considerations in reviewing appellant's three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT SHOULD HAVE ORDERED THE EVIDENCE SUPPRESSED BECAUSE AT THE SUPPRESSION HEARING THE OFFICER FAILED TO ARTICULATE AREASONABLE SUSPICION FOR STOPPING APPELLANT'S CAR[.]" (Emphasis sic.)
 {¶ 8} Appellant argues that the state did not have a reasonable basis to stop his car because a momentary crossing of the marked lane lines is insufficient to justify a stop, warranting suppression of the evidence seized. Appellant insists that the state must prove he was not being practical or that he crossed the marked lane lines in an unsafe manner in order to justify the stop.
 {¶ 9} Appellant was pulled over for violating R.C. 4511.33(A)(1), which provides in pertinent part: "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety." Appellant contends that the state did not establish a violation of R.C. 4511.33(A) because it failed to show why appellant's six-inch crossing over the marked lane lines constituted an impractical or unsafe action. *Page 4 
 {¶ 10} Appellant's argument misses the mark. Whether the stop was justified does not turn upon whether or not appellant in fact violated the statute. The key issue is whether Deputy Lunsford had probable cause to initiate the stop. Probable cause has been defined as "facts and circumstances within [an officer's] knowledge * * * sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223. Where an officer had probable cause to believe that a traffic violation had occurred or was occurring, the stop is not constitutionally unreasonable. Dayton v. Erickson, 76 Ohio St.3d 3, 1006-Ohio-431, syllabus, 1996-Ohio-431.
 {¶ 11} It is not necessary for the officer to confirm, upon investigation, that a traffic offense did indeed occur. State v.Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, at 6. The focus, then, is not upon whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but whether the arresting officer had probable cause to believe a traffic violation had occurred. State v. Pfeiffer, Butler App. No. CA2003-12-329, 2004-Ohio-4981, ¶ 23.
 {¶ 12} In State v. Burton, Butler App. No. CA2005-12-528,2006-Ohio-4048, we reversed the trial court's granting of a motion to suppress based upon a similar de minimis traffic violation. The officer in Burton initiated a stop after he observed a vehicle drive on the double-yellow line for two or three seconds before returning to its lane of travel. The trial court granted the defendant's motion to suppress the results of the field sobriety and breath tests on the grounds that the driving observed by the officer did not constitute a violation of R.C. 4511.33(A)(1). The trial court concluded that, based upon this rationale, the officer did not have probable cause to stop the defendant. In reversing the grant of the motion to suppress, we found that the trial court improperly focused upon whether the defendant in that case was innocent or guilty of violating R.C. 4511.33(A)(1). The proper inquiry was whether *Page 5 Preble CA2006-10-024 the officer had probable cause to make the stop.Burton at ¶ 9. See, also, State v. Walters, Warren App. No. CA2004-04-043, 2005-Ohio-418, ¶ 8-10.
 {¶ 13} In the case at bar, Deputy Lunsford had more than a sufficient basis to stop appellant's vehicle. He observed two separate instances where appellant crossed the marked lane lines and a third instance where appellant crossed the berm on the exit ramp. Ohio law holds that a de minimis violation of a traffic offense constitutes probable cause to stop a vehicle. See, e.g., Erickson, 76 Ohio St.3d at 11;Moeller, Butler App. No. CA99-07-128, at 7-8; State v. McCormick (Feb. 5, 2001), Stark App. No. 2000CA00204, 2001 WL 111891, at *3 ("the severity of the violation is not the determining factor as to whether probable cause existed for the stop"). Accordingly, appellant's driving gave rise to sufficient probable cause that he violated R.C.4511.33(A)(1), therefore justifying Deputy Lunsford's stopping of the vehicle. Whether or not appellant in fact violated the statute is irrelevant to the probable cause determination. Indeed, the stop need not end in a citation or confirmed traffic violation in order for there to have been probable cause to initiate the stop.
 {¶ 14} The above facts clearly support the conclusion that Deputy Lunsford had probable cause to stop appellant's vehicle. Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE EVIDENCE SHOULD ALSO HAVE BEEN ORDERED SUPPRESSED BECAUSE THE OFFICER PROLONGED THE STOP WITHOUT HAVING A REASONABLE JUSTIFICATION FOR DOING SO[.]"
 {¶ 17} Appellant claims that the suppression motion should have been granted because Deputy Lunsford failed to articulate an objectively reasonable basis to conduct a pat-down search.
 {¶ 18} We first note that there are two types of traffic stops, each requiring a different constitutional standard. Moeller, Butler App. No. CA99-07-128, at 4. The first is a typical *Page 6 Preble CA2006-10-024 noninvestigatory stop, where an officer directly observes a traffic violation thus giving rise to probable cause to stop the vehicle. Whren v. United States (1996), 517 U.S. 806, 810,116 S.Ct. 1769. Deputy Lunsford's stopping of appellant's vehicle falls under this category. As stated under appellant's first assignment of error, Deputy Lunsford had probable cause to initiate the noninvestigatory stop when he observed appellant engage in what he believed to be traffic violations.
 {¶ 19} The second type of stop is an investigative or "Terry" stop, which occurs where an officer has a reasonable suspicion based upon specific and articulable facts that an individual is or has been engaged in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21,88 S.Ct. 1868. A typical noninvestigatory traffic stop may become aTerry stop where an officer observes facts during the initial stop that give rise to a reasonably articulable suspicion that criminality is afoot. Cf. Terry at 30-31. The officer may pat down the suspect if he has reasonable grounds to believe that the suspect is carrying a weapon or otherwise poses a threat to the officer's safety. Id. at 23.
 {¶ 20} Here, Deputy Lunsford observed that appellant was behaving nervously from the commencement of the stop. Appellant was stuttering as he spoke and his hands were jerky. After Deputy Lunsford saw the vial with residue in appellant's car, appellant became even more agitated. His kept putting his hands in his pockets, looking around, and was sweating profusely. Deputy Lunsford had also observed appellant lean down towards the passenger side of the vehicle while he was following appellant in his cruiser, which concerned the officer. When the officer observed what he thought was amphetamines in the vial, he testified that he feared appellant may be armed because, in his experience, people who possess and traffic in methamphetamine typically carry weapons. This, combined with appellant's erratic behavior, prompted the officer to conduct a pat-down to see if appellant had any weapons. *Page 7 
 {¶ 21} We observe that much of the drug-related evidence that appellant seeks to suppress was consensually revealed by appellant himself. After the officer observed the vial with residue, appellant offered to empty his pockets and voluntarily placed the baggie with methamphetamine on the hood of his vehicle. Appellant admitted that he had another baggie of methamphetamine in his pants pocket after he was taken into custody. In addition, Deputy Lunsford searched appellant's vehicle after appellant admitted to having the "guts" of a methamphetamine lab inside. Appellant has suggested nothing to show that his consensual revelation of this evidence was the product of duress or coercion thus requiring suppression. See, e.g., State v. Buck, Montgomery App. No. 21297, 2006-Ohio-4394, ¶ 15-17.
 {¶ 22} The above facts clearly support the conclusion that Deputy Lunsford had a reasonably articulable suspicion to detain and search appellant. Appellant's second assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE METHAMPHETAMINE THAT IS THE SUBJECT OF COUNT ONE OF THE INDICTMENT SHOULD ALSO HAVE BEEN ORDERED SUPPRESSED BECAUSE THE OFFICER FAILED TO ARTICULATE A REASON FOR THINKING THIS `LUMP' WAS METHAMPHETAMINE[.]"
 {¶ 25} Appellant maintains that the second baggie of methamphetamine should have been suppressed because Deputy Lunsford failed to articulate a reasonable basis for believing that the "lump" in appellant's rear pants pocket, which turned out to be the baggie of methamphetamine, was contraband.
 {¶ 26} A Terry pat-down is limited in scope to the search for weapons.Terry, 392 U.S. at 29. As appellant correctly observes, if during a pat-down an officer detects an item of an "immediately apparent" incriminating nature, the officer may seize the nonthreatening *Page 8 
contraband. Minnesota v. Dickerson (1993), 508 U.S. 366, 375,113 S.Ct. 2130. Likened to the "plain view" doctrine, this has come to be known as the "plain feel" exception to the warrant requirement. See id. at 374-75. See, also, State v. Lawson, Clark App. No. 2005 CA 24,2006-Ohio-4158, ¶ 9.
 {¶ 27} Deputy Lunsford testified that he felt a soft "lump" in appellant's rear pants pocket during the pat-down. Appellant emphasizes that the officer admitted he did not believe this lump was a weapon. Indeed, the officer did not remove the lump during the pat-down search. He removed the lump only after appellant, Mirandized and sitting cuffed in the patrol cruiser, admitted that it was methamphetamine. The "plain feel" exception is not invoked under these circumstances. Deputy Lunsford did not remove the item during the pat-down. After appellant stated that the lump in his back pocket was in fact methamphetamine, Deputy Lunsford had probable cause to seize the item. See Beck,379 U.S. at 91.
 {¶ 28} The above facts clearly support the conclusion that Deputy Lunsford had probable cause to remove the second baggie of methamphetamine from appellant's rear pants pocket. Appellant's third assignment of error is overruled.
 {¶ 29} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1