OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-Appellant Michael Dicke ("Dicke") appeals the May 8, 2007 Judgment of the Auglaize County Municipal Court overruling his motion to suppress.
 {¶ 2} On January 7, 2007 Dicke was stopped while driving his semi truck in St. Marys, Ohio. The stop was based in part on an investigation into a traffic crash that occurred earlier in the evening and also on Dicke driving his semi on a no thru truck route. At approximately 10:35p.m., Officer Brian Christopher discovered the crash at the pedestrian crossing of South Street, St. Marys, Ohio. A three light traffic light had been damaged and portions of the light were scattered in the roadway.
 {¶ 3} A witness, Brad Goodwin also reported the accident. He told officers that he had been walking his dog on South Street and observed a red cab semi truck with a trailer pass through the intersection and strike the light. Goodwin described the vehicle as a red semi cab with no lettering on the cab towing a plain trailer.
 {¶ 4} Later that evening, Dicke was observed driving his red cab semi truck on South Main Street, near the earlier crash. Officers suspected Dicke had been involved in the crash because his truck matched the description of the truck involved and was the only semi found in the area after officers had searched the area surrounding the crash. When questioned concerning his whereabouts at approximately 10:30p.m., Dicke told *Page 3 
officers that he had come through St. Marys on his way to Delphos, Ohio to drop off his trailer.
 {¶ 5} Upon inspection, Sergeant Vondrell noticed Dicke's semi truck had marks on the passenger side exhaust pipe that Dicke indicated was probably damage from a tree branch. The red cab of Dicke's semi did have lettering on it, including the name of the company as well as other registration and licensing information.
 {¶ 6} Once the stop occurred, Dicke was found to be intoxicated. The stop resulted in a citation for operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) (d). Dicke was also cited for a violation of St. Marys Ordinance 339.02 because the road where he was stopped was a no thru truck route.
 {¶ 7} Dicke appeared before the Auglaize County Municipal Court on January 10, 2007 and pled not guilty to all charges. On February 1, 2007 Dicke filed a motion to suppress. A hearing on the motion was held on April 26, 2007. The Municipal Court overruled the motion on May 8, 2007.
 {¶ 8} On July 12, 2007 Dicke changed his plea to a plea of no contest to a violation of R.C. 4511.19(A)(1)(d), operating a vehicle under the influence of alcohol, specifically where "[t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two *Page 4 
hundred ten liters of the person's breath."[1] The Auglaize County Municipal Court found Dicke guilty and sentenced him to a suspended sentence of 20 days in jail and a suspended fine of $500. As a condition of the suspended sentence, Dicke was ordered to complete a 72 hour driver intervention program. Dicke was also ordered to pay a fine of $250, his operators license was suspended for six months, and he was assessed points on his operators license.
 {¶ 9} Dicke now appeals asserting a single assignment of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO SUPPRESS EVIDENCE AS A RESULT OF AN ILLEGAL STOP.
 {¶ 10} In his sole assignment of error, Dicke contends that the trial court erred in overruling his motion to suppress the results of the traffic stop of his vehicle. Specifically, Dicke contends that officers did not have a reasonable articulable suspicion that Dicke's vehicle was the same vehicle that had been involved in a traffic accident in St. Marys earlier in the evening.
 {¶ 11} When a trial court considers a motion to suppress, it must make both factual and legal determinations. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109 citing Ornelas v. U.S. (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 134 L.Ed.2d 911, 920. Moreover, when we review a trial court's decision that evidence arising out of a *Page 5 
challenged seizure should not be suppressed we apply the law, denovo, to the facts as determined by the trial court. Id. At a suppression hearing, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Carter (1995),72 Ohio St.3d 545, 552, 651 N.E.2d 965, 1995-Ohio-104; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. Furthermore, when reviewing a trial court's decision on a motion to suppress, an appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap (1995), 73 Ohio St.3d 308, 314,652 N.E.2d 988, 1995-Ohio-243.
 {¶ 12} There are two different types of constitutional traffic stops, each requiring a different standard to be lawful. State v.Phillips, 3rd Dist. No. 8-04-25, 2006-Ohio-6338, at ¶ 18. The first is a traffic stop based on a reasonable suspicion that criminal activity is afoot.
 {¶ 13} Automobiles may be stopped without a warrant as long as there exists "a reasonably articulable belief that an offense has been committed or that the vehicle contains contraband." State v. Ward, 1st Dist. No. C-040379, 2005-Ohio-3036, citing Chambers v. Maroney (1970),399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. An investigatory stop is the motorized equivalent of a Terry stop. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. To satisfy the Terry standard there must be an "articulable and reasonable suspicion" that an offense has been or is being committed. *Page 6 
Moreover, "[i]n determining whether a traffic stop was proper, a reviewing court must view the stop in light of the totality of the surrounding circumstances." State v. Fields (1992), 3rd
Dist. No. 3-92-13 citing State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044.
 {¶ 14} The second type of constitutionally valid automobile stop is based on probable cause. This Court has previously recognized that probable cause for a traffic stop is provided when an officer has probable cause to believe that a traffic violation has occurred or was occurring. State v. Phillips, supra, at ¶ 18. The intent of the officers is irrelevant where a traffic violation occurred.
 Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.
Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11, 665 N.E.2d 1091,1996-Ohio-431; see also, Whren v. United States (1996), 517 U.S. 806,819, 116 S.Ct. 1769, 135 L.Ed.2d 89.
 {¶ 15} In this case, the trial court found that the stop of the truck was not justified on the basis of a present traffic violation but was justified on the basis of investigating the prior accident. We believe the stop in this case was justified on either basis. Turning first to the violation of St. Marys ordinance 339.02, the trial court found that
 The evidence indicated that the defendant was not on a route designated as a truck route. However, the City apparently does not designate certain streets as truck routes and so mark them. Instead it *Page 7 posted certain streets as having through truck traffic prohibited. The Ohio Uniform manual of traffic control devices does not show signs as are posted by the city i.e. "thru trucks prohibited". Rather the manual calls for the routes to be marked as truck routes. Since the signage was not as required by the Uniform Manual and since the route taken by the defendant was not even marked per the city's procedure as having through trucks prohibited the stop cannot be predicated upon a violation of the truck route ordinance.
(Journal Entry May 8, 2007).
 {¶ 16} While we defer to the trial court with respect to the factual conclusion that Dicke was driving his semi truck on a route where trucks were prohibited, we reach a different conclusion with respect to the constitutionality of the stop.
 {¶ 17} Probable cause has been defined as "facts and circumstances within [an officer's] knowledge * * * sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." State v. Burton 12th Dist. No. 2005-12-528,2006-Ohio-4048 citing Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223. "The focus, therefore, is not on whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but whether the arresting officer had probable cause to believe a traffic violation had occurred." Id. citing State v. Pfeiffer, Butler App. No.CA2003-12-329, 2004-Ohio-4981, ¶ 23.
 {¶ 18} The Ohio Supreme Court has reached this same conclusion, finding that
 so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment. * * * We focus not on whether a reasonable officer `would' have stopped the suspect (even though he had probable cause to believe that a traffic violation *Page 8 had occurred), or whether any officer `could' have stopped the suspect (because a traffic violation had in fact occurred), but on whether this particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop. The stop is reasonable if there was probable cause, and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop. It is also irrelevant whether the stop in question is sufficiently ordinary or routine according to the general practice of the police department or the particular officer making the stop.
Dayton v. Erickson, 76 Ohio St.3d at 9-10.
 {¶ 19} Here, although we do not dispute the trial court's conclusion that the signage used in St. Marys was not compliant with the Ohio Uniform Manual of Traffic Citations, we still find that Sergeant Vondrell had probable cause to effectuate the stop. Vondrell was aware of the no thru truck route, even though he was unaware of the problems with the signs. His awareness is further evidenced by the notation of the violation of St. Marys ordinance 339.02 on the original citation issued to Dicke. Although the citation for the violation of 339.02, did not result in a conviction, Sergeant Vondrell's belief that a violation of 339.02 had occurred gave him probable cause for the stop.
 {¶ 20} Turning to the alternative basis for the stop concerning whether Vondrell had reasonable articulable suspicion that an offense had been committed, we first note the infrequency of truck traffic in this area of St. Marys, Ohio. Sergeant Shawn Vondrell testified that on a Sunday night, when this event occurred, a person could watch this part of South Street all evening and not observe a semi truck. Moreover, on this particular *Page 9 
night, Sergeant Vondrell determined that two of the locations where a semi truck may be going in the town of St. Marys, the high school and the Foundry, were both closed.
 {¶ 21} Additionally, witness information indicated that a red cab semi truck was the truck which had struck the traffic light. Given the infrequency of truck traffic during a Sunday evening through St. Marys, Ohio, this description gains more importance. This Court has previously considered a similar question in State v. Fields (Sept. 10, 1992), 3rd Dist. No. 3-92-13. In Fields, officers had received two complaints about a white Mitsubishi van being driven by an intoxicated driver. Approximately an hour after the second report was made, officers stopped a van matching the description in the area.Id This Court noted the eleven years of experience possessed by the officer who stopped the van, the matching descriptions of the van, and the rarity of this type of vehicle in this area as factors supporting the finding the officer had reasonable articulable suspicion to make the stop. Id
 {¶ 22} In the present case, the stop was effectuated to investigate an accident. The stop was based on the rarity of semi trucks in the area on a Sunday night, as well as the closely matching descriptions. This Court also notes that Vondrell had eleven years of law enforcement experience, and had a history of regularly patrolling the area where the accident occurred, to assist him in determining whether this was likely the vehicle involved in the earlier accident. When combined, all of these facts are sufficient to *Page 10 
constitute reasonable articulable suspicion that Dicke's truck was the truck involved in the earlier traffic accident.
 {¶ 23} Based on the foregoing, Dicke's sole assignment of error is overruled. The judgment of the Auglaize County Municipal Court overruling his motion to suppress is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. r
[1] The pending charges in violation of R.C. 4511.19(A)(1)(a) for operating a vehicle while under the influence of alcohol and the violation of St. Marys Ordinance 339.02 for driving where trucks were prohibited were subsequently dismissed. *Page 1