The STATE of Ohio, Appellee,

v.

PREZTAK, Appellant.

[Cite as *State v. Preztak,* 181 Ohio App.3d 106, 2009-Ohio-621.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91244.

Decided Feb. 12, 2009.

</div>

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary Weston, Assistant Prosecuting Attorney, for appellee.

Paul Mancino Jr., for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Debra Preztak, appeals her theft conviction. After a thorough review of the record, and for the reasons set forth below, we affirm in part and reverse and remand in part.

{¶ 2} On June 25, 2007, a Cuyahoga County Grand Jury indicted appellant on one count of theft under R.C. 2913.02(A)(2), a third-degree felony.[1] On November 21, 2007, appellant filed a motion to dismiss based on the expiration of the statute of limitations. Appellant also filed a motion to suppress her statements to the police. On February 6, 2008, the trial court held a hearing on both motions, ultimately denying them. On that same date, appellant pleaded no contest, and the trial court found her guilty of theft. Thereafter, the trial court referred appellant for a presentence investigation.

{¶ 3} On March 5, 2008, the trial court sentenced appellant to four years in prison and ordered restitution of $100,471.73; however, the court's journal entry indicated that restitution would be in the amount of $107,000. On March 6, 2008, appellant filed a motion for reconsideration of the restitution order, which the trial court denied.

{¶ 4} The facts that gave rise to this appeal began in April 2007. Detective Sergeant Michael Gerl, of the Richmond Heights Police Department, testified that he began to investigate appellant after being contacted by Lita Weiss, representative of Associated Estates Realty Corporation ("Associated"). Weiss informed Detective Gerl that appellant was Associated's payroll administrator and had been issuing herself "additional payroll service and fees" between October 15, 1999, and April 4, 2007.

---

1. Under R.C. 2913.02(A)(2): "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * beyond the scope of the express or implied consent of the owner or person authorized to give consent."

{¶ 5} Detective Gerl testified that after he reviewed documents that Weiss had provided him, he decided to continue the investigation. On April 18, 2007, Detectives Gerl and Denise DeBiase went to appellant's home to speak with her about the allegations. Appellant allowed the police into her home and agreed to talk about Associated's accusations.

{¶ 6} According to Detective Gerl, he provided appellant verbal and written *Miranda* warnings before discussing the case with her. Appellant stated that she understood her rights and signed the *Miranda* form. Detective Gerl asked appellant if she would discuss the case, and appellant stated that she would. Appellant told Detective Gerl that she had stolen the money because she needed it to pay for her daughter's chemical-dependency treatment.

## Review and Analysis

{¶ 7} Appellant brings this timely appeal, asserting five assignments of error for our review.

## Motion to Dismiss

{¶ 8} "I. Defendant was denied due process of law when the court overruled defendant's motion to dismiss without hearing any of the evidence."

{¶ 9} Appellant argues that the trial court erred when it denied her motion to dismiss. More specifically, she alleges that the motion to dismiss should have been granted based on the statute of limitations. This argument is without merit.

{¶ 10} We review a trial court's denial of a motion to dismiss de novo. *Whitehall v. Khoury,* 10th Dist. No. 07AP–711, 2008-Ohio-1376, 2008 WL 787670, at ¶ 7, citing *Akron v. Molyneaux* (2001), 144 Ohio App.3d 421, 426, 760 N.E.2d 461. A de novo standard of review affords no deference to the trial court's decision, and we independently review the record. *Gilchrist v. Gonsor,* Cuyahoga App. No. 88609, 2007-Ohio-3903, 2007 WL 2206701, at ¶ 16.

{¶ 11} Crim.R. 12(C) provides that "prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. * * * Defenses and objections based on defects in the indictment * * * [must be raised before trial]."

{¶ 12} A motion to dismiss tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced at trial. *State v. Patterson* (1989), 63 Ohio App.3d 91, 577 N.E.2d 1165. A pretrial motion must not involve a determination of the sufficiency of the evidence to support the indictment. If the indictment is valid on its face, a motion to dismiss should not be granted. See *State v. Eppinger,* 162 Ohio App.3d 795, 2005-Ohio-

4155, 835 N.E.2d 746, citing *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476.

{¶ 13} Under R.C. 2901.13(A)(1)(a), prosecution for a felony is barred unless it is commenced within six years. The July 25, 2007 indictment alleges a period of time between October 1999 and April 2007. Appellant argues that any allegation of theft for actions that occurred before April 2007 is barred by the statute of limitations. Appellant overlooks the application of R.C. 2913.61(C)(1) to her case and the fact that she engaged in a continuing course of conduct that did not end until Associated discovered the thefts in 2007.

### R.C. 2913.61

{¶ 14} Under R.C. 2913.61(C)(1), "When a series of offenses under section 2913.02 of the Revised Code * * * is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses *shall be tried as a single offense.* The value of the property or services involved in the series of offenses for the purpose of determining the value * * * is the aggregate value of all property and services involved in all offenses in the series." (Emphasis added.) "The theft offenses of R.C. 2913.02 must be aggregated only when committed against one person or entity." *State v. Crish*, 3d Dist. No. 1–08–13, 2008-Ohio-5196, 2008 WL 4455602, ¶ 31.

{¶ 15} Under R.C. 2913.61(C)(1), appellant's theft offenses must be aggregated. In the case at bar, all of appellant's thefts occurred while she was working at Associated. Clearly, each theft occurred while she was in the same employment with Associated, who was the only victim. R.C. 2913.61(C)(1) requires that all of the thefts be aggregated into one count. See *Crish*, 2008-Ohio-5196, 2008 WL 4455602.

### Continuing Course of Conduct

{¶ 16} R.C. 2901.13(D) states, "An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first."

{¶ 17} Appellant's theft offenses are clearly a continuing course of conduct. We note that appellant argues that *State v. Rodriguez*, Cuyahoga App. No. 89198, 2007-Ohio-6835, 2007 WL 4442746, applies in this case. In *Rodriguez*, this court held that each of "17 counts of tampering with evidence was completed when Rodriguez submitted the application for that particular title using the fraudulent social security number." Accordingly, *Rodriguez* held that "[t]he 17

counts of the indictment related to 17 different applications for a title to a motor vehicle. All 17 of these applications used the same fraudulent social security number. These 17 offenses were distinct, and each was completed when Rodriguez made the application for a title"; therefore, the crimes did not constitute a continuing course of conduct.

{¶ 18} The case at bar differs from *Rodriguez* for several reasons. In *Rodriguez*, the defendant was charged with separate counts of tampering with records, but here, appellant was charged with one count of theft, which was subject to R.C. 2913.61(C)(1). In *Rodriguez*, this court held that the 17 offenses were distinct, but here it is clear that the offenses were not distinct because of the application of R.C. 2913.61(C)(1). In *Rodriguez*, the defendant made 17 different applications for 17 different motor vehicles, but here, appellant engaged in a continuing course of conduct by repeatedly stealing money from the same business—Associated. Under R.C. 2901.13(D), the statute of limitations did not commence until the final theft in 2007.

{¶ 19} Because R.C. 2913.61(C)(1) requires that the thefts be aggregated, which evidences the fact that appellant engaged in a continuing course of conduct, we hold that the statute of limitations did not begin to run until the thefts were discovered in 2007. The indictment is valid on its face because it alleges a continuing course of conduct against the same entity; therefore, the trial court appropriately denied appellant's motion to dismiss. Appellant's first assignment of error is overruled.

### Motion to Suppress

{¶ 20} "II. Defendant was denied due process of law when the court overruled defendant's motion to suppress."

{¶ 21} Appellant argues that the trial court erred when it overruled her motion to suppress. More specifically, she alleges that she did not waive her *Miranda* rights. This argument is without merit.

{¶ 22} When we consider a trial court's denial of a motion to suppress, this court's standard of review is divided into two parts. In *State v. Lloyd* (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913, the court stated: "[O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *State v. Winand* (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing *Tallmadge v. McCoy* (1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802. * * * [T]his is the appropriate standard because ' "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." ' *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quoting *State v. Venham* (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. However, once we accept those facts as true, we must independently

determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."

{¶ 23} Pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694, statements "stemming from custodial interrogation of the defendant" must be suppressed unless the defendant had been informed of his Fifth and Sixth Amendment rights before being questioned. "Custodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id.

### Custodial Interrogation

{¶ 24} First, the police did not need to inform appellant of her Fifth and Sixth Amendment rights before she was questioned because no "custodial interrogation" took place. The entire interview took place in appellant's home. The interview was conducted by Detective Gerl, who testified that he and Detective DeBiase knocked on appellant's door, identified themselves as police officers, and told her that they wanted to question her about "the matter with regard to Associated Estates." Appellant allowed the detectives to come into her home. The detectives did not handcuff, restrain, or threaten appellant. Appellant did not attempt to end the interview or ask for an attorney.

{¶ 25} The facts in this case are similar to those in *State v. Robinson*, Sixth Dist. No. L–06–1182, 2008-Ohio-3498, 2008 WL 2700002, at ¶ 6, which held that the defendant was not "subject to a custodial interrogation" because "a reasonable man in appellant's position would have understood that, during the interview, there was no formal arrest or restraint on his freedom of movement of the degree associated with a formal arrest."

### Waiver of Rights

{¶ 26} Even if we were to find that a custodial interrogation took place, it is clear that appellant waived her rights. "[A]n individual must be advised prior to custodial interrogation 'that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.' *Miranda* [384 U.S. at 444, 86 S.Ct. 1602, 16 L.Ed.2d 694]. These rights may be waived, however, provided the defendant makes the waiver knowingly, intelligently, and voluntarily. Id. The State bears the burden of establishing, by a preponderance of the evidence, that the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights based on the totality of the circumstances surrounding the investigation. *State v. Gumm* (1995), 73 Ohio St.3d 413, 429, 653 N.E.2d 253." *State v. Williams*, Cuyahoga App. No. 82094, 2003-Ohio-4811, 2003 WL 22100230, ¶ 12.

{¶ 27} In the case at bar, Detective Gerl testified that he provided appellant with verbal and written *Miranda* warnings before he spoke to her. "An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver." *North Carolina v. Butler* (1979), 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286.

{¶ 28} According to Detective Gerl, he told appellant "that she has the right to speak with an attorney, anything that she says can be used against her in a court of law, she can stop answering or doesn't have to answer until she gets advice from an attorney. She can stop answering at any time." He also testified, "We do read at the end to * * * make sure that she understands her rights." When asked if appellant said "that she understood those rights," Detective Gerl testified, "Yes, she did." Additionally, the detective had appellant complete a written *Miranda* waiver form.

{¶ 29} Based upon Detective Gerl's testimony, it is clear that appellant validly waived her *Miranda* rights. Additionally, we find that there is no evidence that appellant "was threatened, tricked, or cajoled into a waiver," which would show that the defendant did not voluntarily waive her rights. See *Miranda*, 384 U.S. at 476, 86 S.Ct. 1602, 16 L.Ed.2d 694. Detectives Gerl and DeBiase arrived at appellant's home in the middle of the day, appellant invited them in, no threats were made, appellant was not physically restrained, and by the time appellant asked Detective Gerl if he thought she should get a lawyer, the interview had ended. Accordingly, appellant's second assignment of error is overruled.

### Restitution

{¶ 30} "III. Defendant was denied due process of law when the court ordered restitution."

{¶ 31} "IV. Defendant was denied due process of law when the court orally pronounced restitution and entered a different amount in its judgment entry."

{¶ 32} Appellant argues that the trial court's restitution amount of $100,471.73 could not be correct because she had already repaid $10,000 to the probation department. Appellant also takes issue with the discrepancy in the restitution amount stated at sentencing ($100,471.73) and the amount listed in the judgment entry ($107,000). We find merit in these arguments.

{¶ 33} The standard of review for determining whether the trial court properly ordered restitution is abuse of discretion. *State v. Carrino* (May 11, 1995), Cuyahoga App. No. 67696, 1995 WL 277103. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140

{¶ 34} "To establish the amount of restitution within a reasonable certainty, there must be some competent, credible evidence." *Carrino*, Cuyahoga App. No. 67696, 1995 WL 277103, citing *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18. "Sufficient evidence of the amount of restitution may appear in the record." *Carrino*, citing *State v. Montes* (1993), 92 Ohio App.3d 539, 636 N.E.2d 378. "Where evidence of the appropriate amount of restitution does not appear in the record, an evidentiary hearing is required." *Carrino*, citing *State v. Wohlgemuth* (1990), 66 Ohio App.3d 195, 200, 583 N.E.2d 1076.

{¶ 35} In the case at bar, at the sentencing hearing, the trial judge allowed Associated's representative, Carol Kraynak, to testify that the "total amount of the loss" was "around $107,000." According to Kraynak, this amount included the specific amount that appellant stole, plus the amount Associated had to pay in taxes on behalf of the stolen money. Thereafter, the trial judge stated, "I'm going to find $100,471.73—since that's the figure that has been associated with this case." Later, the court issued a judgment entry ordering appellant to pay $107,000.

{¶ 36} "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1). Here, appellant disputes the amount, particularly the failure to account for the $10,000 she already repaid. Additionally, there is a discrepancy between the journal entry and the amount ordered in court. Finally, we find that it is suspect that the only evidence produced of loss is Kraynak's testimony of "around $107,000."

{¶ 37} We remand this case to the trial court so that it may conduct a hearing on restitution in order to hear evidence on, and determine, the appropriate amount owed. Appellant's third and fourth assignments of error are sustained.

## Sentence

{¶ 38} "V. Defendant was denied due process of law when the court sentenced defendant to a four (4) year term of imprisonment."

{¶ 39} Appellant argues that the trial court erred when it sentenced her to four years in prison. More specifically, she alleges that the amount of years is excessive. This argument is without merit.

{¶ 40} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is "otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Moore*, Cuyahoga App. No. 89779, 2008-Ohio-2365, 2008 WL 2058680; *State v. Donahue*, Cuyahoga App. No. 89111, 2007-Ohio-6825, 2007 WL 4442669. Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required

'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

{¶ 41} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found several sections of the revised code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences.[2] Id.

{¶ 42} We do not find that the imposition of a four-year sentence for theft was excessive, unsupported by the record, or contrary to law. Appellant was convicted of theft under R.C. 2913.02(A)(2), a third-degree felony. Under R.C. 2929.14(A)(3), the sentencing range for third-degree felonies is between one and five years. Clearly, a four-year sentence is not contrary to law. Accordingly, appellant's fifth assignment of error is overruled.

Judgment affirmed in part
and reversed in part,
and cause remanded.

GALLAGHER, P.J., and STEWART, J., concur.

---

2. We acknowledge that the Ohio Supreme Court's recent decision in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, sets forth a two-pronged test for review of sentences. We note that *Kalish* is a plurality opinion; therefore, it is merely persuasive.