[Cite as *State v. Powell*, 2009-Ohio-5433.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 15-09-05

    v.

MARSHA POWELL,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-08-11-162

**Judgment Affirmed**

Date of Decision:  October 13, 2009

APPEARANCES:

    *Kelly J. Rauch* for Appellant

    *Kevin H. Taylor* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Marsha L. Powell ("Powell") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County finding her guilty of one count of trafficking in marijuana, a violation of R.C. 2925.03(A)(1) and (C)(3)(b). For the reasons set forth below, the judgment is affirmed.

{¶2} On August 29, 2008, David Roberts ("Roberts") contacted Detective James Haggerty ("Haggerty") of the Van Wert City Police Department, and informed him of the opportunity to engage in controlled buys. Between August and September of 2008, Roberts was involved in thirty-nine controlled buys, one of which is at issue here. Prior to arriving at the residence at issue, Haggerty searched Roberts, provided him with money and a digital recorder, and instructed Roberts to purchase two small bags of marijuana for $50.00. Roberts then went to the home and entered it. There were no drugs on the premises, but the dealers offered to have them transported there from Ervin Road in Van Wert. Roberts called Haggerty approximately 10 minutes into the transaction and notified him of the change of plans.

{¶3} At approximately 1:28 pm, Haggerty observed a white vehicle approach the residence and park behind Roberts' vehicle. Haggerty could see a person approach the house, but was unable to view her enter or identify the person. One minute later, Roberts called Haggerty again and told him that the person had

arrived and that he would be leaving shortly. Haggerty told Roberts to state the license plate number of the white vehicle into the digital recorder when he left. Roberts left the residence at 1:30 pm and identified the license plate number as DX82849. Haggerty taped the vehicle through the side view mirror of his vehicle. He believed that the license plate could be DXA-8249, which was registered to a white Plymouth Neon owned by the husband of Powell. Haggerty then searched for a photograph of Powell through the Bureau of Motor Vehicles. On August 30, 2008, Haggerty met with Roberts again. Haggerty showed Roberts the photo of Powell and asked him if he recognized her. Roberts identified her as the woman who had entered the residence and allegedly delivered the marijuana the previous day.

{¶4} On November 7, 2008, Powell was indicted for one count of trafficking in marijuana, a violation of R.C. 2925.03(A)(1) and (C)(3)(b), a felony of the fourth degree. Powell entered a plea of not guilty at her arraignment. On December 23, 2008, Powell filed a motion to suppress the identification of her by Roberts, alleging that it was impermissibly suggestive. A hearing was held on the motion on January 9, 2009. The motion to suppress was denied by the trial court on January 28, 2009.

{¶5} A jury trial was held on February 12, 2009, and a verdict of guilty was returned. On April 8, 2009, a sentencing hearing was held. Powell was sentenced to three years of community control, 30 days in jail with an additional

30 days to be served at a time later specified by her probation officer. The trial court also ordered Powell to complete 200 hours of community service. Powell appeals from these judgments and raises the following assignments of error.

**First Assignment of Error**

**The trial court committed error in denying the motion to suppress because the procedure employed by the law enforcement officers for the pretrial identification was so impermissibly suggestive as to give rise to irreparable misidentification.**

**Second Assignment of Error**

**The trial court committed error when it permitted the case to proceed to the jury when insufficient evidence existed for the trier of fact to reasonably conclude that the essential elements of the offense were proven beyond a reasonable doubt.**

{¶6} In the first assignment of error, Powell claims that the identification was impermissibly suggestive and that the trial court erred in not granting her motion to suppress the identification.

> **When we consider a trial court's denial of a motion to suppress, this court's standard of review is divided into two parts. In *State v. Lloyd* (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913, the court stated: "[O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *State v. Winand* (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing *Tallmadege v. McCoy* (1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802. * * * [T]his is the appropriate standard because "'in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses."' *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quoting *State v. Venham* (1994), 96 Ohio App.3d**

**649, 653, 645 N.E2d 831. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."**

*State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, ¶22, 907 N.E.2d 1254.

{¶7} The U.S. Supreme Court has held that identifications from unnecessarily suggestive procedures which have a likelihood of leading to a misidentification is a violation of a defendant's due process rights. *Neil v. Biggers* (1972), 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401.

**Courts employ a two-step process to determine the admissibility of identification testimony. The first step focuses only upon whether the identification procedure was impermissibly suggestive. * * * The second part of the inquiry then focuses upon five factors necessary to assess the reliability of the identification despite the taint of the [impermissibly suggestive procedure]. These five factors are (1) the witness's opportunity to view the defendant at the time of the crime, (2) the witness's degree of attention at the time of the crime, (3) the accuracy of the witness's description of the defendant prior to the identification, (4) the witness's level of certainty when identifying the defendant at the confrontation, and (5) the length of time that has elapsed between the crime and the confrontation.**

*State v. Williams*, 172 Ohio App.3d 646, 2007-Ohio-3266, ¶9, 876 N.E.2d 991 citing *Biggers*, supra. The U.S. Supreme Court has held that the use of a single photo for identification purposes raises the chances of an improper identification. *Simmons v. U.S.* (1968), 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. However, the "admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification

possesses sufficient aspects of reliability." *Manson v. Brathwaite* (1977), 432 U.S. 98, 106, 97 S.Ct. 2243, 53 L.Ed.2d 140. "[R]eliability is the linchpin in determining the admissibility of identification testimony[.]" Id. at 114.

{¶8} In this case, Roberts was wearing a digital recorder, but Haggerty was not able to hear or see anything that happened in the residence. Hearing Tr. 6. Haggerty was outside the residence and saw a female approach the house, though he was unable to get a good look at her and was unable to identify her. Id. at 8. Haggerty then called Roberts who told him that the person with the drugs had just arrived. Id. at 9. After the "buy," Roberts told Haggerty that a "white female in her fifties" entered the house and handed a plastic bag containing marijuana to the seller. Id. at 11. The next day Haggerty showed a photo of Powell to Roberts and asked him if he recognized her. Id. at 13. No photo array was done, only the single picture was shown to Roberts. Id. at 17.

{¶9} Roberts testified at the hearing that a woman came to the residence and gave the marijuana to the sellers. Id. at 23. This was the first time he saw her, but the residence was well lit and he got a good look at her. Id. He admitted that he did not get a long look as it was only about a minute. Id. at 24. At the hearing Roberts identified Powell as the woman who gave the marijuana to the seller. Id. The day after the "buy," Roberts identified the photo handed to him by Haggerty as the woman who delivered the drugs. Id. at 26.

{¶10} After hearing the evidence, the trial court made the following findings.

> **The court finds that the first prong of the *Biggers* test is satisfied because [Roberts] did have an opportunity to view [Powell] the day of the incident for one minute. The test is only concerned with the fact that the witness is familiar with the suspect and is knowledgeable of the suspect before being presented with a photograph for identification.**
>
> **The court finds that the second issue is satisfied because [Roberts] had a high degree of attention to immediately identify the person in the photograph as the defendant. [Haggerty] did not ask [Roberts] if the person in the photo was the suspect, but rather if the person in the photo was someone [Roberts] knew. The fact that [Roberts] stated that the person in the photograph was the same person as the person who brought the marijuana to the residence without being prompted shows reliability on the part of [Roberts].**
>
> **The court finds that the third prong is satisfied because there is evidence of [Robert's] description of [Powell]. Although vague, [Roberts] was able to describe the person who brought the marijuana to the residence before being presented with a photograph of the person. The ability to describe the suspect without the aid of the single photograph is one of the cruxes of the reliability test and directly opposes the notion that the single photograph was suggestive enough to cause irreparable mistaken identification. *Stovall v. Denno*, 388 U.S. 293 (1967).**
>
> **The court finds that the fourth prong is satisfied because [Roberts] was very certain that [Powell] in the courtroom was indeed the same person who brought the marijuana to the residence[.]**
>
> **The court finds that the fifth prong is satisfied because the length of time between the initial observation and the identification was only one day.**

Jan. 28, 2009, Entry 3-4. The findings of facts are supported by competent and credible evidence. The trial court then proceeded to determine that although the use of a single photo for identification was "unnecessarily suggestive," it was not "conducive to irreparable mistaken identity." Id. at 4.

{¶11} Based upon the record before us, this court finds that the trial court correctly applied the law to the facts. The only testimony was that Roberts was conducting several "buys" for Haggerty. The day after the one at issue here, Roberts and Haggerty met to prepare for the next one. Haggerty handed Roberts the photo and asked him if he knew the person. No discussion concerning the prior "buy" occurred before this and Haggerty did not give any prompts, such as "Is this the woman you saw?". Instead, Roberts volunteered the information that she was the woman who brought the drugs. Thus, there is a high indication of reliability in the identification. This along with the findings made by the trial court leads to the conclusion that the identification was not marked by "a very substantial likelihood of irreparable misidentification" which would require suppression. *Manson*, supra at 116. Although it would have been better for a photo array to be used, the trial court did not err in denying the motion to suppress. The first assignment of error is overruled.

{¶12} Powell alleges in the second assignment of error that the verdict is not supported by sufficient evidence.

> **With respect to sufficiency of the evidence, "'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.**

*State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (citations

omitted).

> **When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. LeFlore*, 3d Dist. No. 3-08-06, 2008-Ohio-4508, ¶3, quoting *State v. Ready* (2001), 143 Ohio App.3d 748, 759, 758 N.E.2d 1203.

{¶13} Powell argues that the State failed to prove that she sold or offered

for sale the marijuana in violation of R.C. 2925.03(A)(1) and that she did so in the

presence of a juvenile. Powell argues that there was no evidence that she sold or

offered to sell the drugs to Roberts. However, the definition of "sale" has the

same meaning as in R.C. 3719.01. R.C. 2925.01(A). "'Sale' includes delivery,

barter, exchange, transfer, or gift, or offer thereof, and each transaction of those

natures made by any person, whether as principal, proprietor, agent, servant, or employee." R.C. 3719.01(AA).

{¶14} Roberts testified that he was told there was not marijuana at the residence, but it could be delivered. The seller then made a phone call, and Powell came to the residence. Immediately after her arrival, the seller had marijuana to sell. The deal occurred in the presence of Powell. Additionally, an infant was present in the room when the drugs were sold. Viewing this evidence in a light most favorable to the State, a reasonable juror could determine that Powell delivered the marijuana to the seller. Thus, there was sufficient evidence to support the jury's verdict that Powell sold or offered to sell the marijuana to Roberts. The second assignment of error is overruled.

{¶15} The judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jnc**