[Cite as *State v. Skiver*, 2010-Ohio-979.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 11-09-07

    v.

RIKKI L. SKIVER,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-09-515

**Judgment Affirmed**

Date of Decision: March 15, 2010

APPEARANCES:

    *John E. Hatcher* for Appellant

    *Joseph R. Burkard* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Rikki L. Skiver ("Skiver") brings this appeal from the judgment of the Court of Common Pleas of Paulding County denying her motion to suppress. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 31, 2008, Skiver was stopped by Trooper Shawn Cook ("Cook") for allegedly failing to stop at a stop sign. During the stop, Skiver gave Cook the name and social security number of her sister as her identity. On February 13, 2009, Skiver was indicted on one count of identity fraud in violation of R.C. 2913.49(B)(2), a fifth degree felony. Skiver entered a plea of not guilty on February 23, 2009. On April 14, 2009, Skiver filed a motion to suppress all evidence obtained after the stop. The basis for the motion was that Cook allegedly lacked probable cause to stop the vehicle. A hearing on the motion was held on April 28 and May 8, 2009. On May 11, 2009, the trial court overruled the motion to suppress. Skiver changed her plea to no contest on July 21, 2009. The trial court then found Skiver guilty of identity fraud. On September 3, 2009, the trial court sentenced Skiver to three years of community control. Skiver now is appealing the denial of her motion to suppress and raises the following assignment of error.

> **The trial court erred as a matter of law in overruling [Skiver's] motion to suppress the stop of her automobile.**

**{¶3}** The argument for the sole assignment of error is that the trial court should have granted the motion to suppress because Cook lacked probable cause to execute the traffic stop.

> **When we consider a trial court's denial of a motion to suppress, this court's standard of review is divided into two parts. In *State v. Lloyd* (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913, the court stated: "[O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. *State v. Winand* (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, citing *Tallmadege v. McCoy* (1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802. * * * [T]his is the appropriate standard because "'in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quoting *State v. Venham* (1994), 96 Ohio App.3d 649, 653, 645 N.E2d 831. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."**

*State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, ¶22, 907 N.E.2d 1254. This court has previously held that probable cause for a traffic stop is present when an officer has reason to believe that a traffic violation has occurred. *State v. Dicke*, 3d Dist. No. 2-07-29, 2007-Ohio-6705.

**{¶4}** In this case, Cook testified as follows.

> **Q. And when you – after you noticed Ms. Skiver's vehicle, what occurred next?**
>
> **A. After that, the vehicle approached the stop sign at 162. I observed the vehicle to not stop completely at the stop sign. It**

> **rolled the stop sign and then it continued through the intersection travelling south on Road 33.**
>
> **Q. Approximately how far away from the stop sign location where Ms. Skiver was were you when you noticed the car not stopping?**
>
> **A. I was, I was on the east side of Road 33 on 162. I was approximately five to six car lengths from the intersection.**
>
> **Q. Okay. And was there anything obstructing your view of Ms. Skiver's car that evening?**
>
> **A. No.**

April 28, 2009 Tr. 9. Skiver presented testimony of a witness that she did come to a complete stop. However, the trial court, who observed the witnesses, made the following finding of fact.

> **WHEREUPON, the Court having considered the evidence adduced finds that on December 31, 2008, Trooper Cook observed the Defendant fail to come to a complete stop at the intersection of County Road 33 and Township Road 162 and that the officer did have probable cause to stop the Defendant for the violation of [R.C. 4511.43(A)].**

May 11, 2009 Entry. The factual finding of the trial court that Cook had observed a traffic violation in that Skiver failed to stop at the stop sign, is a question of fact. The testimony of Cook at the hearing supports this finding of fact, so it is supported by competent, credible evidence. Having found a traffic violation occurred, the law provides that there is probable cause, which exceeds the

reasonable articulable suspicion required, for a stop. Thus, the trial court did not err in overruling the motion to suppress.

{¶5} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Paulding County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**