[Cite as *Cleveland v. Oles*, 2016-Ohio-23.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102835**

# CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

# BENJAMIN S. OLES

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No.   TRC-050891-15

**BEFORE:**   E.A. Gallagher, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   January 7, 2016

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry
Director of Law
City of Cleveland
BY:   Jonathan L. Cudnik
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Joseph C. Patituce
Patituce & Associates, L.L.C.
26777 Lorain Road
Suite 708
North Olmsted, Ohio 44070

EILEEN A. GALLAGHER, P.J.:

{¶1} Plaintiff-appellant city of Cleveland ("the City") appeals an order by the Cleveland Municipal Court granting defendant-appellee Benjamin Oles' motion to suppress evidence. For the following reasons, we affirm.

{¶2} On September 19, 2014, Oles was arrested in Cleveland, Ohio and charged with two counts of operation of a vehicle while under the influence of alcohol and a driving in marked lanes violation. Oles filed a motion to suppress evidence obtained during his traffic stop and the following evidence was introduced at a hearing on the motion.

{¶3} On September 19, 2014, at approximately 10:15 p.m., Lieutenant Eric Sheppard ("Sheppard") was positioned at the highway split of Interstate 90 westbound and Interstate 71 southbound performing "typical traffic monitoring traffic enforcement." Sheppard testified that he observed Oles'

> vehicle in the what would be the second to left lane, which would be the lane to go 90 west, that was traveling towards me. As it began to merge onto 90 to go west, it made a sudden movement crossing through that marked lanes or that gore area, cutting over to the lane which travels south on 71. In doing so, he came very close to hitting or striking the rear-end of my patrol car.

On cross-examination, however, Sheppard admitted that the vehicle was ten feet away from striking his vehicle.

{¶4} Sheppard pursued Oles during which time he did not observe any moving violations or indications of impaired driving and initiated a traffic stop. While Oles was still seated in his own vehicle, he told Sheppard that he was coming from a wedding in

downtown Cleveland. Sheppard detected an odor of an alcoholic beverage coming from within Oles' vehicle and observed Oles' actions to be "very slow and deliberate" when asked to produce his driver's license, registration and insurance.

{¶5} Based on his observations, Sheppard asked Oles to exit his vehicle and join him in the front seat of his patrol vehicle. Sheppard testified that his purpose in doing this was to determine if the smell of alcohol was coming from Oles himself or Oles' vehicle. Sheppard continued conversing with Oles and determined the smell of alcohol was coming from Oles' breath. He asked Oles how much alcohol he had consumed that evening and Oles indicated that he had four mixed drinks while at the wedding.

{¶6} At that point, Sheppard asked Oles to exit the vehicle and Oles submitted to multiple field sobriety tests. Based on Oles' inability to perform the field sobriety tests, Lieutenant Sheppard placed him under arrest. At no point during the encounter did Lieutenant Sheppard advise Oles of his *Miranda* rights.

{¶7} Lieutenant Sheppard testified that Oles was detained during the traffic stop and not free to leave. He further stated that had Oles attempted to leave during the questioning, he would have arrested Oles for an OVI violation based on his observations to that point.

{¶8} Based on the above testimony, the trial court granted Oles' motion to suppress, finding that "based on" *Miranda,* his rights had been violated thereby excluding Oles' statement to Lieutenant Sheppard and the results of the field sobriety tests.

**{¶9}** The City appeals and argues that the trial court erred in suppressing the evidence based on *Miranda* because Lieutenant Sheppard's questioning of Oles did not rise to the level of custodial interrogation.

**{¶10}** In *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254 (8th Dist.), this court outlined the standard of review on a motion to suppress:

> "Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See *State v. Winand*, 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist.1996), citing *City of Tallmadge v. McCoy*, 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist.1994). * * * This is the appropriate standard because 'in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' *State v. Hopfer*, 112 Ohio App.3d 521, 679 N.E.2d 321 (2nd Dist.1996)."

*Id.* at ¶ 22, quoting *State v. Loyd,* 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998).

**{¶11}** After accepting such factual findings, the reviewing court must independently determine, as a matter of law, whether the applicable legal standard has been satisfied. *State v. Jones*, 8th Dist. Cuyahoga No. 99837, 2014-Ohio-496.

**{¶12}** The City argues that the trial court erred in finding that Oles' *Miranda* rights were violated when Lieutenant Sheppard placed Oles in his patrol car and questioned his alcohol consumption without providing him *Miranda* warnings.

**{¶13}** Prior to a custodial interrogation, the accused must be apprised of his or her right against self-incrimination and right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* defines "custodial interrogations" as any "questioning initiated by law enforcement officers after a person has been taken into

custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444.

A traffic stop alone does not render the person "in custody" within the meaning of *Miranda*. *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 13, citing *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). However, if that person "'thereafter is subjected to treatment that renders him in custody for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*.'" *Id.*, quoting *Berkemer* at 440. In determining whether police questioning constitutes "custodial interrogation" for *Miranda* purposes, the inquiry is whether a reasonable person would feel free to leave the interview under the totality of the circumstances presented at that time. *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 21, citing *State v. Biros*, 78 Ohio St.3d 426, 440, 678 N.E.2d 891 (1997).

**{¶14}** In *Farris,* the defendant was stopped for speeding and removed from his vehicle after the law enforcement officer detected the smell of burnt marijuana emanating from the defendant's vehicle. *Id.* at ¶ 1. The officer took Farris' car keys and placed Farris in the passenger seat of his police cruiser. *Id.* at ¶ 2.

**{¶15}** The *Farris* court held that the only relevant inquiry in determining whether a person is in custody is "how a reasonable [person] in the suspect's position would have understood [their] situation." *Id*. at ¶ 14. The court determined that a reasonable person in Farris' position would have understood himself to be in custody of a police officer, because the officer (1) patted down Farris; (2) took his car keys; (3) instructed him to

enter the cruiser; and (4) told Farris that he was going to search Farris' car because of the scent of marijuana. *Id*. The court concluded that the defendant's pre-*Miranda* and post-*Miranda* statements were inadmissible.[1]

{¶16} However, other appellate districts, in applying *Farris*, have held that mere questioning of a defendant in a police cruiser does not necessarily convert a traffic stop into a custodial interrogation. Facing a nearly identical factual situation to the present case, the Eleventh District Court of Appeals found that *Miranda* warnings were unnecessary where a state highway patrol officer questioned a defendant about his alcohol consumption in the passenger seat of his patrol vehicle. *State v. Serafin*, 11th Dist. Portage No. 2011-P-0036, 2012-Ohio-1456. As in the present case, the officer in *Serafin* testified that he removed the defendant from his vehicle and placed him in the front passenger seat of the officer's patrol car in order to determine if an alcohol scent the officer had detected was emanating from the defendant or his vehicle.

{¶17} The *Serafin* court distinguished *Farris* based on the additional custodial facts that Farris' car keys were confiscated and the officer informed Farris that his car would be searched. Neither of these factors is established in the record before us.

---

[1]We note that in *State v. Lozada*, 92 Ohio St.3d 74, 2001-Ohio-149, 748 N.E.2d 520, the Ohio Supreme Court upheld the practice of police officers placing motorists in patrol cars during the course of a traffic stop if such action prevents officers or the driver from being subjected to a dangerous condition. However, that case dealt with the Fourth Amendment implications of pat down searches administered before placing a motorist in the patrol car and did not address a defendant's *Miranda* rights stemming from questioning inside the vehicle.

**{¶18}** Similarly, the First District held that *Miranda* warnings were not required where a police officer removed a defendant from his vehicle and placed him in the front passenger seat of his patrol vehicle for questioning regarding his alcohol consumption. *State v. Leonard*, 1st Dist. Hamilton No. C-060595, 2007-Ohio-3312. As in *Serafin*, the *Leonard* court distinguished *Farris* based on the greater level of intrusion and custody the defendant faced in *Farris*. *Id.* at ¶ 21. In *Leonard*, the defendant was not subjected to a pat-down search, did not have his car keys confiscated and was not told his vehicle would be searched. *Id.* at ¶ 22. Based on the comparatively minimal intrusion, the First District found that, despite being questioned in the front seat of a patrol car, Leonard "would have understood that he was not in police custody for practical purposes." *Id.* at ¶ 23. Therefore, the court concluded that *Miranda* warnings were unnecessary. At least two other districts have reached similar conclusions. *See, e.g.*, *State v. Mullins*, 5th Dist. Licking No. 2006-CA-00019, 2006-Ohio-4674 (finding no custodial interrogation where defendant was questioned about his alcohol consumption in the passenger seat of officer's patrol vehicle); *State v. Coleman*, 7th Dist. Mahoning No. 06 MA 41, 2007-Ohio-1573 (no violation of *Miranda* where defendant was questioned about his alcohol consumption in the officer's patrol vehicle because other custodial factors from *Farris* were not present).

**{¶19}** We decline to adopt the 1st, 5th, 7th and 11th Districts' distinguishment of *Farris*. Under the totality of the circumstances presented in this case, we find that a

reasonable person, removed from his or her own vehicle and questioned about their alcohol consumption in the passenger seat of a police cruiser would not feel free to leave.

{¶20} We note that "[a] policeman's unarticulated plan [to arrest] has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer*, 468 U.S. at 442, 104 S.Ct. 3138, 82 L.Ed.2d 317; *State v. Raine*, 8th Dist. Cuyahoga No. 90681, 2008-Ohio-5993, ¶ 22. Lieutenant Sheppard conceded that had Oles attempted to exit the vehicle, he would have arrested Oles for an OVI offense. Although Sheppard's undisclosed intent to arrest Oles for an OVI has no particular bearing on his individual custody analysis, we do believe it is instructive in a broader sense — a reasonable individual ordered to answer questions unrelated to the initial purpose of his traffic stop, in the front seat of a police cruiser, would not believe he was free to leave. Indeed, we find that to believe otherwise would be unrealistic and irrational.

{¶21} Finally, we note that it is unclear why Sheppard felt compelled to place Oles in his patrol vehicle in this instance. Although our analysis is controlled by Sheppard's testimony that he decided to perform a field sobriety test only after Oles' statements inside the patrol vehicle, we note that Sheppard may have had reasonable suspicion to conduct a field sobriety test after his initial interaction with Oles or had he merely removed Oles from the vehicle and confirmed the source of the alcohol odor outside

Oles' vehicle. *See Cleveland v. Reese*, 8th Dist. Cuyahoga No. 100579, 2014-Ohio-3587, ¶ 19-20.

**{¶22}** Appellant's sole assignment of error is overruled.

**{¶23}** By separate entry, we certify a conflict between this decision and the decisions of the First, Fifth, Seventh and Eleventh Districts in: *Leonard*, 1st Dist. Hamilton No. C-060595, 2007-Ohio-3312; *State v. Rice*, 1st Dist. Hamilton Nos. C-090071, C-090072 and C-090073, 2009-Ohio-6332; *State v. Kraus*, 1st Dist. Hamilton Nos. C-070428 and C-070429, 2008-Ohio-3965; *Mullins*, 5th Dist. Licking No. 2006-CA-00019, 2006-Ohio-4674; *State v. Crowe*, 5th Dist. Delaware No. 07CAC030015, 2008-Ohio-330; *Coleman*, 7th Dist. Mahoning No. 06 MA 41, 2007-Ohio-1573; *Serafin*, 11th Dist. Portage No. 2011-P-0036, 2012-Ohio-1456, *State v. Brocker*, 11th Dist. Portage No. 2014-P-0070, 2015-Ohio-3412.

**{¶24}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the trial court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J.,    CONCURS IN JUDGMENT ONLY