[Cite as *State v. Kyle*, 2021-Ohio-3346.]

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 110167

    v.                                       :

SHERMAN KYLE, III,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED; REMANDED
**RELEASED AND JOURNALIZED:** September 23, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643121-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony Santiago, Assistant Prosecuting
Attorney, *for appellee.*

Dean A. Colovas, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Sherman Kyle ("Kyle") appeals his sentence. For the reasons set forth below, we reverse the trial court's order of restitution and remand this case for further proceedings consistent with this opinion.[1]

---

[1] We do note that appellant initially submitted a second assignment of error challenging the constitutionality of the "Reagan Tokes" sentencing law as a violation of

## I. Factual and Procedural Background

{¶ 2} On September 9, 2019, a grand jury indicted Kyle on charges of felonious assault with a repeat offender specification, abduction and domestic violence. These charges all stem from an assault Kyle committed against his then-wife Shavanda Kyle. During that assault, Kyle threatened to kill her and struck her repeatedly with the butt of a kitchen knife. On October 15, 2020, Kyle pleaded guilty to felonious assault, abduction and domestic violence.

{¶ 3} The trial court held a sentencing hearing on November 17, 2020. At that hearing, the trial court sentenced Kyle to five years on the felonious assault charge, 36 months on the abduction charge and time served on the domestic violence charge. Additionally, the trial court ordered restitution in the amount of $80,000.

{¶ 4} The trial court determined the amount of restitution as follows:

THE COURT: * * * What are your medical bills to date?

THE VICTIM: I can get that to you if you need me to. They're pretty lengthy. The State victim of a crime has paid some of them. Medical Mutual won't cover all of them so I'm just hanging with the bills.

THE COURT: What's the current outstanding balance?

THE VICTIM: I think it's — I want to [s]ay about 80.

THE COURT: $80,000?

THE VICTIM: (Nodding in the affirmative).

* * *

---

the doctrine of the separation of powers. On February 19, 2021 appellant filed a notice with this court of the withdrawal of his second assignment of error.

So you were uninsured at the time of this incident.  So the victim is saying she's got $80,000 in medical bills.  I'll order restitution in the amount of $80,000.  If it's less than that, if you care to file a motion, I'll consider it, but live testimony from the victim in the courtroom is she's got the medical bills.  He had a $55,000 year job.

[DEFENSE COUNSEL]:  Your Honor, we would object to that order because we haven't seen any bills whatsoever.

THE COURT:  All right.  Thanks.

[DEFENSE COUNSEL]:  But as far as, your Honor, if you order them, we haven't seen any evidence.

{¶ 5}  The trial court accepted the victim's estimate of the outstanding balance over Kyle's objection.  The transcript does not include any indication that the victim testified under oath.  Kyle appeals and assigned two errors for our review:

ASSIGNMENT OF ERROR NO. 1. WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR AND/OR ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESSS BY ORDERING DEFENDANT-APPELLANT TO PAY $80,000 IN RESTITUTION WITHOUT SCHEDULING THE MATTER FOR HEARING AND WITH LITTLE TO NO SUPPORTING EVIDENCE TO SUBSTANTIATE THE ORDER.

ASSIGNMENT OF ERROR NO. 2.  WHETHER THE APPLICATION OF "REAGAN TOKES" FOR PURPOSES OF ISSUING AN INDEFINITE PRISON SENTENCE UPON DEFENDANT-APPELLANT WAS AN UNCONSTITUTIONAL VIOLATION OF THE DOCTRINE OF SEPARATION OF POWERS.

{¶ 6}  On February 19, 2021, Kyle withdrew his second assignment of error.

**Standard of Review**

{¶ 7}  "We review the trial court's imposition of fines and restitution under the abuse of discretion standard."  *State v. Sekic*, 8th Dist. Cuyahoga No. 95633, 2011-Ohio-3978, ¶ 30.  The amount of restitution cannot be based on speculation.

*State v. McClain*, 5th Dist. Licking No. 2010 CA 00039, 2010-Ohio-6413, ¶ 43-44. Instead, the trial court must "hear evidence on, and determine, the appropriate amount owed" at an evidentiary hearing. *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254, ¶ 36-37 (8th Dist.); *State v. Foster*, 185 Ohio App.3d 117, 2009-Ohio-6213, 923 N.E.2d 227, ¶ 50 (8th Dist.).

{¶ 8} "At the restitution hearing, the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender." *Cleveland v. Rushton*, 8th Dist. Cuyahoga No. 108579, 2020-Ohio-1281, ¶ 37.

## II. Law and Analysis

{¶ 9} In this case, the trial court accepted the victim's verbal estimate that the outstanding balance was "about 80." Defendant objected and the court ordered the amount indicating that the trial court would consider reducing the restitution amount based on subsequent motion practice. This fact pattern is almost identical to *Sekic*:

> In the current case, the trial court imposed restitution at the sentencing hearing in the amount of $14,540. In arriving at that amount, the state represented to the court that the victim owes $7,740 on outstanding hospital bills and will incur $6,800 in future costs to fix the scar on his forehead. No evidence was presented. [Defendant] disputed the amount of restitution at sentencing. Rather than holding a hearing, the court imposed a definite sum of restitution subject to the defendants filing opposition briefs.

*Sekic* at ¶ 31.

{¶ 10} Precisely like the present case, the trial court in *Sekic* relied on the victim's statement and estimate rather than the numbers established by the actual

bills.  Furthermore, subsequent briefing cannot satisfy the hearing requirement in the statute.  *Sekic*, 2011-Ohio-3978, at ¶ 31.  ("R.C. 2929.18 does not authorize the trial court to summarily impose restitution over an objection and then offer a briefing schedule to oppose the amount of restitution.")

{¶ 11} Accordingly, we find that the trial court abused its discretion by setting a restitution amount based on the estimate of the victim rather than holding an evidentiary hearing to resolve the objection of the defendant to the amount estimated by Kyle.

{¶ 12} We sustain appellant's first assignment of error and remand this case to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case is remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR